IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN LOMAX, #153091                                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:14-cv-274-HTW-LRA

J. BUSCHER, ET AL.                                             DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, an

inmate of the Mississippi Department of Corrections, filed this *pro se* complaint pursuant to Title

42 U.S.C. § 1983.  On March 31, 2014, two Orders were entered in this action.  One Order [4]

advised Plaintiff of the consequences of filing this action under the Prison Litigation Reform Act

and directed the Plaintiff to complete, sign and return an Acknowledgment of Receipt and

Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.

The second Order [5] directed the Plaintiff to pay the required filing fee or file a completed *in*

*forma pauperis* application within thirty days.  Plaintiff failed to comply with both of these

Orders.  The Plaintiff was warned in these Orders that failure to timely comply with the

requirements of the Orders may lead to the dismissal of his Complaint.

On May 28, 2014, the Court entered an Order [6] directing the Plaintiff to show cause why

this case should not be dismissed for his failure to comply with the March 31, 2014 Orders.  In

addition, Plaintiff was directed to file his response and comply with the Orders by filing the

required documents, on or before June 18, 2014.  Although the Plaintiff was warned in the Show

Cause Order [6] that failure to timely comply with the requirements of the Orders would lead to

the dismissal of his Complaint, he failed to comply with the Orders.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On July 2, 2014, the Court entered a Final Order to Show Cause [7]. Plaintiff was directed to show cause, on or before July 17, 2014, why this case should not be dismissed for his failure to comply with the prior Orders. In addition, Plaintiff was directed to comply with the previous Orders by filing the required documents on or before July 17, 2014. Consistent with the prior Orders, the Final Order to Show Cause [7] warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint without further notice. Plaintiff has not complied with the Final Order to Show Cause [7].

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with four Court Orders [4, 5, 6, 7], and he has not contacted the Court since the filing of this case on March 31, 2014. As the record

demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Plaintiff's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, this case will be dismissed without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 12th day of August, 2014.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE